UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 9, 2013

LETTER TO COUNSEL:

    RE:    *Jackie White v. Commissioner, Social Security Administration*;
                Civil No. SAG-12-2017

Dear Counsel:

On July 6, 2012, the Plaintiff, Jackie White, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 16, 17). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Mr. White filed his claim on October 1, 2008, alleging a disability onset date of July 19, 2007. (Tr. 91-94). His claim was denied initially on June 12, 2009, and on reconsideration on November 30, 2009. (Tr. 52-55, 56-57). A hearing was held on August 25, 2010 before an Administrative Law Judge ("ALJ"). (Tr. 22-43). Following the hearing, on September 21, 2010, the ALJ determined that Mr. White was not disabled during the relevant time frame. (Tr. 9-21). The Appeals Council denied Mr. White's request for review (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. White suffered from the severe impairments of "adjustment disorder, depressed vs major depression." (Tr. 14). Despite these impairments, the ALJ determined that Mr. White retained the residual functional capacity ("RFC") to:

> [P]erform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can perform unskilled work, that is repetitive in nature and involves following a routine, with general versus production rate goals and only occasional interaction with others.

(Tr. 15). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. White could perform jobs that exist in significant numbers in the national economy, and that he was therefore not disabled during the relevant time frame. (Tr. 17-18).

*Jackie White v. Commissioner, Social Security Administration*
Civil No. SAG-12-2017
April 9, 2013
Page 2

Mr. White presents three arguments on appeal: (1) that the ALJ's hypothetical question failed to account for the claimant's inability to perform production rate goals, (2) that the hypothetical question had no basis in the objective medical evidence in the record, and (3) that the ALJ neglected to consider the third-party report filled out by Mr. White's brother. Each argument lacks merit.

First, Mr. White argues that the ALJ's hypothetical omitted his inability to perform production rate goals. The ALJ asked the VE for jobs that could be performed by a person capable of performing "unskilled work that involves general goals[, that is] repetitive in nature and involves following a routine . . . [with] no more than occasional interaction with others." (Tr. 39). This hypothetical appropriately captured the RFC in which the ALJ found that Mr. White needed no exertional limitations, but did, however, require nonexertional limitations to account for his depression. (Tr. 15-17). The VE responded that the hypothetical person could perform work as a laundry worker, medium packer, and materials sorter. (Tr. 40.) The VE did not include the associated Dictionary of Occupational Titles ("DOT") numbers in his testimony. Mr. White argues that these "jobs must invariably involve 'production rate goals'" because "general goals" does not unequivocally rule out production goals from job requirements. Pl. Mot. 5. His argument fails. First, erroneous citation to the DOT is not per se reversible error. *Fisher v. Barnhart*, 181 F. App'x 359, 367 (4th Cir. 2006) (analyzing *Burns v. Barnhart*, 312 F.3d 113 (3d Cir. 2002) in which the court found the ALJ's reliance upon VE testimony the plaintiff could work as a "laundry sorter" and "packer" without citation to specific titles in the DOT was not reversible error). Second, Mr. White assumes that the jobs proposed must involve production rate goals, without citing any authority that they actually do so. An examination of DOT listings with similar titles reveals no mention of production pace requirements. *See* DICOT § 361.684-014 Laundry Worker I, § 920.687-130 Packer (Tobacco), § 920.687-086 Fish Packer, § 920.687-134 Packer, Agricultural Produce. Other similar titles include a standard explanation that a job should be considered "light work" when working at a production rate pace, but do not indicate that such jobs will always require that an employee meet production goals. *See* DICOT § 920.687-082 Dental Floss Packer, § 222.387-054 Sorter-Pricer, and § 573.687-034 Sorter. Finally, the phrase "general goals" is customarily used to distinguish a position from one requiring more demanding "production rate goals," in the context of VE testimony. *See, e.g., Bautista v. Astrue,* No. TJS-11-1651, 2013WL664999, at *2 (D. Md. Feb. 22, 2013); *Jones v. Astrue,* No. SAG-11-2703, 2012WL6757532, at *1 (D. Md. Dec. 28, 2012); *LaPlante v.* Astrue, No. PWG-10-3409, 2012WL5842934, at *3 (D. Md. Nov. 16, 2012). The VE did not ask for clarification of the hypothetical, indicating that he understood the meaning of "general goals."

Mr. White next argues that the ALJ's limitation to "'simple' and[/]or 'unskilled work' does not adequately incorporate the more specific findings required by Social Security Ruling 96-8p." "Unskilled work" is defined as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. §§ 404.1568(a), 416.968(a). The Fourth Circuit has found hypotheticals and RFC statements incorporating "unskilled work" to adequately capture mental functional capacity. *See Fisher v. Barnhart*, 181

F. App'x 359, 364 (4th Cir. 2006) (finding "unskilled work" a term of art that "fairly conveyed" the plaintiff's mental impairments to the VE); *Bentley v. Chater*, 113 F.3d 1231 (4th Cir. 1997) (finding an RFC that accounted for a plaintiff's mental impairments with a limitation to "unskilled work" sufficient). Therefore, the ALJ's use of "unskilled work" in his RFC determination and hypothetical questions was not in error.

Second, Mr. White argues that the ALJ's hypothetical question was not based on objective medical evidence because he disagrees with the weight given to the various medical opinions. The ALJ rejected the opinion of treating physician, Dr. Darryl Coleman, finding it inconsistent with treatment notes and other evidence in the record. (Tr. 16-17). Although the opinion of a treating physician can be entitled to controlling weight, such an opinion is not entitled to such weight if it is inconsistent with the other substantial evidence of record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Moreover, the ALJ is not required to give controlling weight to a treating physician's opinion on the ultimate issue of disability. 20 C.F.R. § 404.1527(d)(2); SSR 96-5p. In February, 2010, Dr. Coleman indicated on a mental residual functional capacity form that Mr. White had no ability to function in any occupational, performance, or social adjustment area, except for "maintains personal appearance." (Tr. 259-61). One month after making that assessment, Dr. Coleman wrote that Mr. White continued to "do well" in his notes. (Tr. 16 referring to Tr. 241). The ALJ found no treatment notes to support Dr. Coleman's assessment of extreme or complete restrictions in Mr. White's cognitive and social capabilities. (Tr. 17).

The ALJ also rejected a similar assessment from licensed counselor, Arnie Akpan, which indicated Mr. White suffered extreme limitations in the majority of his mental functional areas. (Tr. 16-17). The ALJ rejected Mr. Akpan's opinion because of its inconsistency with other evidence in the record, and noted that Mr. Akpan was not an acceptable medical source. Counselors fall in the "other sources" category under SSR 06-03p. Information from such professionals may provide insight into the severity of an impairment, but they "cannot establish the existence" of a disabling impairment. SSR 06-03p, 2006 WL 2329939, at *2. The ALJ properly found Mr. Akpan's assessment was supported only by clinical observations without accompanying treatment records. (Tr. 16). Moreover, even if the ALJ had erred in rejecting Mr. Akpan's assessment, his assessment alone could not support a finding of disability. Therefore, the ALJ's assignment of no weight to Dr. Coleman's and Mr. Akpan's opinions is supported by substantial evidence.

Mr. White next suggests that a statement from consultative examiner, Dr. Varsha Vaidya, that Mr. White "should be encouraged to return to the work force once stable[,]" (Tr. 201), undermines the ALJ's RFC determination and, thus, the hypothetical. His argument fails. The remainder of Dr. Vaidya's report shows that while Mr. White was mildly depressed, he was "alert, cooperative and pleasant" and that he felt his depression was related to the loss of his marriage, family, and his home. (Tr. 200-01). Likewise, non-examining state agency consultants found Mr. White had an "unremarkable medical history" that demonstrated his depression, but did not result in the necessary functional deficiencies for a finding of disability.

(Tr. 17, 205-32, 233-36).

Finally, Mr. White argues the ALJ erred by failing to discuss the function report submitted by his brother, Larry Williams. Mr. White points to SSR 96-7p for support, which states that nonmedical sources such as family "may provide information from which inferences and conclusions may be drawn about the [individual's] credibility" SSR 96-7p, 1996 WL 374186, at *8. That ruling does not require discussion of such information in the ALJ's decision. SSR 06-03p draws a distinction between that which an adjudicator must consider and that which he or she must explain in the disability decision. SSR 06-03p, 2006 WL 2329939, at *6. It states only that the weight given to "other sources" should "generally" be explained. *Id.* Thus, I can find no reversible error in the ALJ's failure to discuss the report by Mr. Williams.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 16) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 17) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge